# Gray, Appellant, *v.* Phila. & Reading Coal & Iron Co. et al.

*Equity—Equity practice — Rules 48 and 49 — Opportunity to amend—Act May 14, 1915, P. L. 483.*

1. A bill in equity should not be dismissed because of objections made under Equity Rule 48, unless the facts averred show that plaintiff cannot possibly recover. Under Equity Rule 49, the court must give plaintiff an opportunity to amend, if the objections which are sustained can be overcome by amendments.

2. As to this character of objections, Equity Rules 48 and 49 must be construed in the same way as similar objections to plaintiff's statement of claim, under the Practice Act of May 14, 1915, P. L. 483.

*Equity—Parties—Multifariousness—Joinder of parties—Equity practice.*

3. A bill in equity should not be dismissed for multifariousness, because a large number of persons, having no connection with each other, are joined as defendants, if the injury, of which complaint is made, results from the combined acts of all of them, and the joinder will save a multiplicity of suits and promote the convenience of the court and of all parties.

*Equity—Jurisdiction—Parties—Concert of action.*

4. An agreement for a concert of action is not essential to the jurisdiction of equity over a number of parties in a single suit;

if the cause of action is cognizable in equity, full relief will be granted if the injury resulted from the combined acts of all of the defendants.

*Equity—Equity practice—Combination of issues.*

5. In the interest of the public generally, a number of separate issues, awarded in an equity suit, may be combined for the purpose of their trial by a jury, if this can be done without injustice to the parties.

*Equity—Injunction—Nuisances—Trespasses.*

6. An injunction may be granted to prevent actual or threatened trespasses or nuisances of a continuing and permanent character.

*Equity—Jurisdiction—When equity has attached—Damages.*

7. Where the jurisdiction of equity has attached for any purpose, it will proceed to round out the whole circle of controversy between the parties, by deciding every contention connected with the subject-matter of the suit, including the amount of damages to which plaintiff is entitled because of injuries theretofore sustained.

Argued February 8, 1926. Appeal, No. 98, Jan. T., 1926, by plaintiff, from decree of C. P. Schuylkill Co., March T., 1925, No. 2, dismissing bill in equity, in case of Violet A. Gray v. Phila. & Reading Coal & Iron Co. et al., and S. V. Gorman, Executor of Edward Gorman's Estate, doing business as the Bell Colliery. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Reversed.

Bill for injunction. Before KOCH, J.
The opinion of the Supreme Court states the facts.
Bill dismissed. Plaintiff appealed.

*Error assigned* was decree, quoting it.

*G. H. Gerber,* with him *A. D. Knittle,* for appellant.

*Geo. M. Roads,* for the Mill Creek Coal Co., the Maryd Coal Co. and Alliance Coal Co., appellees.

*George Ellis* and *John F. Whalen,* for Philadelphia & Reading Coal & Iron Co., appellee, presented no oral argument.

OPINION BY MR. JUSTICE SIMPSON, March 15, 1926:

The bill in equity in this case may be briefly summarized as follows: Plaintiff avers that she is the owner of property abutting on the Schuylkill River; that the eight defendants are coal mining companies, which are operating their mines, breakers and washeries on or near the river or its tributaries, at points above her property; that in the course of such operation they allowed coal dust, culm, muck and other refuse material (hereinafter generically called coal dirt), coming from their mines, breakers and washeries, to be cast into the stream, so shallowing it, that, by the natural flow of the current, "during the ordinary high water experienced and to be expected in this climate and section of country," it ran over and was deposited on her land, and in the cellars of her houses, to her great loss and irreparable injury; this being aggravated by their so placing an obstruction in the river, and so narrowing the channel, that some of the coal-dirt-laden water of the stream was diverted from its usual course, and turned towards and ultimately flowed on her property, which it would not have reached otherwise. She also alleged that, so far as concerned the coal dirt from defendants' plants, part of it was carried into the river as a necessary result of their method of preparing the coal for market, and the rest of it came from artificial piles of such coal dirt, so negligently placed upon their properties, that, in ordinary rainfalls, it was washed into the stream. She further averred that defendants were the only known parties contributing to her injury; that "the original material deposited and permitted to escape by each defendant, is not separate and distinguishable, at and in the vicinity of the property of complainant, from that which is now and has been deposited or been permitted

to escape by each of the other defendants......thus making the injury and damage to the plaintiff the single, united and combined acts of all the defendants." She prayed an injunction against all of them, and an award of appropriate damages against each.

In accordance with the 48th Equity Rule, defendants, by their answers, raised two classes of preliminary objections to the bill; one challenging the jurisdiction of equity, and the other alleging that the facts were so insufficiently averred as to render it impossible for them to make an adequate answer to the bill. After argument, the court below dismissed the bill, in an opinion which discussed at length both classes of objections. Plaintiff appeals.

So far as concerns the second class, but little need be said at this time. Assuming these objections are valid,— though most of them complain of matters which are more properly the subject of proof than of pleading— they could not result in a dismissal of the bill, for Equity Rule 49 expressly provides that, if such objections are sustained, the court shall "require plaintiff to amend......within such time as the court shall prescribe," under a penalty of dismissal, if such amendment is not made. The course of procedure thus provided for,—which prevents the ancient injustice of at once dismissing an action for a failure to plead properly,— was deliberately adopted to comport with the provisions of the Practice Act of May 14, 1915, P. L. 483, which requires that, in determining whether or not a summary judgment should be entered, "the question to be decided ......is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a 'question of law,' that plaintiff is not entitled to recover": Rhodes v. Terheyden, 272 Pa. 397, 401; Drabant v. Cure, 274 Pa. 180; Franklin Sugar Refining Co. v. Lykens Mercantile Co., 274 Pa. 206; Morris & Bailey Steel Co. v. Bank of Pittsburgh,

277 Pa. 81; Geary v. Schwem, 280 Pa. 435; Steel v. Levy, 282 Pa. 338. Equity Rules 48 and 49 must be construed in the same way, and hence we cannot sustain the ̦decree of dismissal because of anything appearing in this class of objections.

The other class alleges a lack of jurisdiction in equity, because (1) the bill is multifarious, and (2) plaintiff has an adequate remedy at law. " 'A bill will not be held demurrable for multifariousness because a large number of persons, having no connection with each other, are joined as defendants, where the cause of action against each is the same, and the joinder will save a multiplicity of suits and promote the convenience of the court and of all parties' [citing cases]. To save a multiplicity of suits is one ground for equity assuming jurisdiction; and where the chancellor can give each defendant a full hearing there is less reason for separate suits than in jury trials": Pittsburgh v. Pittsburgh & Lake Erie Railroad Co., 263 Pa. 294, 301. It will be noticed that this answers both of the objections under consideration. Unlike an action at law, in equity an agreement for a concert of action is not essential to jurisdiction; a single result brought about by the acts of many defendants, even though "having no connection with each other," is, as the citation shows, sufficient to maintain the jurisdiction, and to defeat the claim of multifariousness. It would be a reproach to equity, if it was held that plaintiff could maintain eight bills, one against each of these defendants, and, upon proof, in each case, that she had been injured by the combined acts of all of them, including the particular defendant, could get eight separate injunctions, and yet, upon proving the same facts in a single suit against all of them, would be turned out of court on the ground that no equity appeared, or that multifariousness resulted. Equity is not subject to such a reproach.

But, say defendants, we can each of us claim a jury trial on the question of damages, and, as this action on

our part would require eight jury trials, the remedy in equity would, in that event, be no more convenient than eight suits at law in the first instance. Assuming that each and all of the present defendants could claim a jury trial on the question of damages (a matter which the chancellor will have little difficulty in deciding when called upon to do so), and that they prefer to face the antagonistic sympathy of a jury, rather than the judgment of a court not so influenced, still no difficulty would result; for, in the interest of the public generally, the issues thus raised can be combined for the purposes of trial on this point, so long as it can be done without injustice to the defendants; and, so far as we now see, all such issues could be wisely tried together.

Moreover, the convenience of the remedy in chancery is not the only basis of equitable relief in the present case. Equity is the special forum for obtaining an injunction, which may be granted to prevent actual or threatened trespasses or nuisances of a continuing and permanent character (Kepple v. Lehigh Coal and Navigation Co., 200 Pa. 649; Kramer v. Slattery, 260 Pa. 234); and, when once the jurisdiction has thus attached, equity will itself proceed to round out the whole circle of controversy, by deciding every other contention connected with the subject-matter of the suit, including the amount of damages to which plaintiff is entitled because of injuries theretofore sustained: Allison and Evans' App., 77 Pa. 221; Walters v. McElroy, 151 Pa. 549; State Hospital for Criminal Insane v. Consolidated Water Supply Co., 267 Pa. 29; Epstein v. Ratkosky, 283 Pa. 168.

The decree of the court below is reversed, plaintiff's bill in equity is reinstated, and the record is remitted for further proceedings not inconsistent with this opinion.