Smith, Appellant, *v.* Overseers of Public Schools of County of Philadelphia et al.

Argued November 9, 1931.

*Edward S. Lower, Jr.,* for appellant.

*Harold Evans,* and with him *MacCoy, Evans, Hutchinson and Lewis,* for appellee.

OPINION BY KELLER, J., January 28, 1932:

This appeal deals wholly with equity practice and requires no reference to the facts or merits of the case.

To the appellant's bill of complaint the defendants filed preliminary objections under rule 48 of the Equity Rules. The individual defendant asked that the bill be dismissed because it appeared on its face that he was improperly joined as a defendant. If this contention was not upheld he prayed leave to join with the corporate defendant in its objections to the bill, all of which related to its form rather than its substance. The specific grounds of objection were three: "(1) The bill of complaint does not contain in concise and summary form a statement of the facts on which plaintiff relied, nor is it divided into paragraphs each containing but one material allegation, nor does it include as exhibits the material portions of documents relied on, as required by the rules of equity practice. (2) The bill of complaint contains a vast amount of impertinent and irrelevant matter as hereinafter particularly set forth. (3) The facts are so insufficiently averred that it is impossible for defendant to make an adequate answer or to know to what

extent a discovery is desired." The remaining twenty objections were only specifications of the impertinent and irrelevant matters referred to in the second objection.

Demurrers, as a form of pleading in equity, are abolished by the rules of equity practice promulgated by the Supreme Court, (Rule 15). Instead of them Rule 48 provides for the filing of an answer raising preliminary objections to the bill. These may be filed on seven grounds therein specified which are broadly divisible into three classes, (1) relating to the form of the bill; (2) relating to parties; (3) relating to the substance of the bill. Rule 49 fixes the practice to be followed when an answer raising preliminary objections to the bill is filed by the defendant. If the plaintiff, following the filing of such answer does not amend his bill to meet the objections set forth in the answer, the case, on being ordered on the argument list for hearing by the defendant is heard by the court whose duty is either (a) to dismiss the objections and require the defendant to answer over on the merits under penalty of having the bill taken *pro confesso*, or (b) to sustain them, in whole or in part, and require the plaintiff to amend accordingly, under penalty of a dismissal of the bill, in whole or in part; with the provisos, (1) that if the only objection sustained is that plaintiff has a full, complete and adequate remedy at law the bill shall not be dismissed, but shall be certified to the law side of the court for further proceedings; and (2) that if the court decides the bill contains impertinent, irrelevant and scandalous matter which was maliciously inserted for the purpose of injuring defendant or a third party, it may dismiss the bill without giving leave to amend.

It seems clear that one purpose of the equity rules was to do away with the harsh consequences following the sustaining of a demurrer under the old prac-

tice and give the plaintiff a chance to amend his bill as to form, parties, or substance, except in cases which come within one of the two provisos above recited.

It will be noted that none of the objections filed by the defendants comes within the seventh class of objections set forth in Rule 48, viz., "that ...... defendant should not be required to answer the facts averred, since he has a full and complete defense to plaintiff's claim, specifically stated, which does not require the production of evidence to sustain it," which relates to defects of substance and corresponds to the demurrer for matter of substance under the old form of equity pleading: Long v. Metzger, 301 Pa. 449, 455. The objections filed were analogous in character to those which, on the law side of the court, are presented, under the Practice Act of 1915, P. L. 483, by motion to strike off a statement, or by rule for a more specific statement, (Rhodes v. Terheyden, 272 Pa. 397), rather than by raising a question of law in lieu of demurrer, as provided by section 20 of that act.

Nor did either of the provisos mentioned in Rule 48 apply in this case. The bill was not certified to the law side of the court, and the court below did not decide that the bill contained impertinent, irrelevant and scandalous matter which was maliciously inserted for the purpose of injuring the defendant or a third party. The bill is subject to the criticism contained in the defendants' objections, and is full of impertinent and irrelevant matter, as claimed by the defendants, but the defendants did not aver, nor did the court decide, that it contained impertinent, irrelevant and scandalous matter which was maliciously inserted for the purpose of injuring the defendant or a third party. Hence the court's only course, in case it sustained the objections of the defendants, or some of them, was to require the plaintiff to amend in accordance with the

objections sustained, within such time as it should prescribe, and upon such terms and conditions as to costs, trial, etc., as to it should seem meet, under penalty of a dismissal of the bill, if not amended so as to meet the objections sustained.

This was clearly pointed out in Gray v. Phila. & Reading C. & I. Co., 286 Pa. 11, where Equity Rules 48 and 49 were lucidly discussed by Mr. Justice SIMPSON. The plaintiff was not required to file a special request to amend. The rule directs the court to sustain such objections as were well-founded and "require the plaintiff to amend accordingly" ........ "within such time as the court shall prescribe, and upon such terms as to trial, continuance and costs as to it shall seem meet" ...... "under penalty of a dismissal of the bill, in whole or in part."

It follows that the court below fell into error in summarily dismissing the bill: Gray v. Phila. & Reading C. & I. Co., supra; Sauber v. Nouskajian, 286 Pa. 449, 454; Schwab v. Miller, 302 Pa. 507, 508.

The first assignment of error is sustained. The decree of the court below is reversed. Plaintiff's bill in equity is reinstated, and the record is remitted for further proceedings not inconsistent with this opinion. Costs on this appeal to abide the determination of the suit.