Tri-Cities Water Company *v.* Monessen, Appellant.

84

Argued October 2, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*George H. McWherter,* with him *Vincent R. Smith,* Solicitor for Monessen, for appellant.

*James Gregg,* of *Gregg & Copeland* and *George D. Wick,* of *Campbell, Wick, Houck, Thomas & Nixon,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 27, 1933:

The City of Monessen appeals from a decree of the Court of Common Pleas of Westmoreland County sustaining a bill of complaint of the Tri-Cities Water Company and awarding an injunction restraining appellant from taking water from plaintiff's supply system

to abate nuisances found by the court below to exist in the municipality. The nuisances complained of were the unsanitary conditions which prevailed in seven dwellings, resulting from a want of water service in the premises and giving rise to a dangerous situation menacing the health of the citizens of the community. In five of the seven dwellings found by the lower court to be in an unsanitary condition, the water service was discontinued by direction of the tenant or owner of the premises, and in the remaining two the supply was shut off because of failure to pay for service due and unpaid. The nuisances found to exist by the court resulted from use by the occupants of the several buildings of inside toilets without having a supply of water for flushing purposes; the testimony unquestionably disclosed the presence of a filthy and unsanitary situation in the premises sufficient to justify the findings of the court that each property constituted a nuisance dangerous to the public health. The city council proposed to remedy this harmful situation by opening the house connections with plaintiff's mains, and supplying the premises with water, without making compensation to the company for water so appropriated. The water company, to protect its interests, filed the bill in this case praying for an injunction restraining the contemplated action, on the ground that proceedings of the character proposed would constitute an unwarranted interference with plaintiff's business and a continuing trespass upon its property. After a hearing the court awarded a preliminary injunction which was subsequently made permanent.

There is no doubt equity has power to grant a restraining order preventing actual or threatened trespasses of a continuing and permanent character: Gray v. Phila. & Reading Coal & Iron Co., 286 Pa. 11. Appellant argues, however, that the municipality "in the exercise of its police power in administering the public health is supreme, and that all individuals and corporations, whether they be public service companies, or individuals,

and regardless of any legislation passed in their favor, must give way to the inherent police powers of the government where a matter of public health is involved." Citing Paris v. Phila., 63 Pa. Superior Ct. 48. It is not disputed that this principle may be applicable to special situations, and that in extraordinary emergencies the superior authority of the government, in the protection of public health, may override the property rights of individuals. But such was not the case here. Appellant had available at least two methods for securing the desired relief without infringing the law. It could have proceeded under the Act of June 23, 1931, P. L. 932, which provides in article XXIII, section 2325, that the expense of removing a nuisance shall be a lien upon the premises causing it, and shall be recoverable from the owner or owners of the property, or from any person or persons causing or maintaining the nuisance. In the case before us, it is clear that plaintiff company did not cause the nuisances by its act of shutting off the water supply from the premises set forth in the bill. The unsanitary conditions existing in the dwellings referred to resulted from improper use of the toilets and lavatories without facilities for flushing and cleaning the same. Where the nuisance consists in a wrongful use of a building harmless in itself, the remedy is to stop such use: Barclay v. Com., 25 Pa. 503. Appellee acted strictly within its rights and only terminated the water supply in the buildings mentioned by direction of the owner or tenant, or for violation of its rules and regulations as approved by the public service commission. The property of the water company may not be taken by the municipality without compensation, to abate a nuisance caused without fault on the part of the utility.

An alternative course open to the city would have been to apply to the public service commission for relief. Under the provisions of the Public Service Company Law, 1913, P. L. 1374, appellee is forbidden to furnish water to any person or corporation for "a greater or less compensation or sum than it shall demand, charge

or collect from any other person or corporation for a like and contemporaneous service under substantially similar circumstances and conditions." The municipality avers that it is unable to pay, as provided in plaintiff's rules, for the water needed to supply the buildings in question, yet had it applied to the public service commission for a suspension of its rules and regulations in the emergency, the city, for ample cause shown, might have obtained the service at reduced rates or under some other equitable arrangement. It cannot, however, seize the property of the water company in the proposed summary manner. If such action is tolerated for the dwellings here involved, it may also be adopted in countless other situations where owners or occupiers refuse or allege inability at the time to meet the financial requirements for water service, with the result that serious loss must necessarily fall upon the water company.

The decree of the court below is affirmed at appellant's cost.