## Stewart v. Derry Township School District

*Lightcap & Lightcap*, for plaintiff.
*Henry E. Shaw*, for defendant.

WHITTEN, P. J., January 25, 1939.—This case comes before the court on an answer raising preliminary objections to plaintiff's bill of complaint.

The facts alleged in the bill of complaint, and which are not in dispute, are, substantially, these: Plaintiff, who was the Collector of Taxes for Derry Township, Westmoreland County, Pa., during the years 1929 to 1935, inclusive, paid to defendant school district the school taxes of a number of individuals amounting to $3,945, which taxes he had not collected from such individual taxpayers.

On November 19, 1937, plaintiff tax collector returned these taxes as provided by the Act of May 27, 1937, P. L. 914. Prior to June 29, 1938, plaintiff tax collector requested the school district to reimburse him for the taxes so returned, either by paying him the amount of the returned taxes, or by crediting him with the amount of the returned taxes in his first settlement thereafter with the school district. Defendant school district refused to do either of these things, but agreed to pay such tax over to plaintiff tax collector, if and when they should be paid to the school district by the property owners, or by the county treasurer after a sale thereof, if such sale produces the full amount of the taxes due.

In his bill of complaint, filed August 31, 1938, plaintiff tax collector requests the court to order the school district to pay the amount of the school taxes returned under the Act of 1937, supra, to plaintiff tax collector, or to pay the taxes by giving him a credit upon the first monthly remittance made by the collector to the school district.

As above stated, the school district has filed preliminary objections to plaintiff's bill of complaint on the ground that defendant should not be required to answer the bill since it has a full and complete defense to plaintiff's claim, which does not require the production of evidence to sustain it because: (a) The Act of 1937 does not, by its terms or stated purpose, authorize the relief claimed by plaintiff, but merely the return of the taxes in question; (b) defendant school district cannot lawfully allow and plaintiff cannot lawfully claim a credit for the taxes returned under the Act of 1937, out of the first or any other monthly remittance of current taxes by plaintiff to defendant, because section 553 of the School Code of May 18, 1911, P. L. 309, requires plaintiff to pay at the end of each month the full amounts of school taxes collected during the month to defendant's treasurer; and (c) defendant school district cannot lawfully pay plaintiff the amount of the taxes returned under the Act of 1937, because such payment would be illegal under sec-

tion 516 of the School Code of May 18, 1911, P. L. 309, 25 PS §604.

The title to the Act of May 27, 1937, P. L. 914, is:

"An act to enable tax collectors and receivers of taxes to make return of unpaid taxes assessed on seated lands for the years one thousand nine hundred and twenty-nine, one thousand nine hundred and thirty, one thousand nine hundred and thirty-one, one thousand nine hundred and thirty-two, one thousand nine hundred and thirty-three, one thousand nine hundred and thirty-four and one thousand nine hundred and thirty-five; and validating the liens of such taxes."

From the stated purpose, it would seem clear that the legislature did not intend the act of assembly to have the effect which plaintiff contends that it has. The title to the act does not authorize the relief claimed by plaintiff, but merely enables tax collectors and receivers of taxes to make return of unpaid taxes assessed on seated land for the years 1929 to 1935, inclusive, and validates the liens of such taxes.

The act of assembly itself does not, by its terms, authorize the relief claimed by plaintiff.

The purpose of the act, as stated by the legislature, is: "To enable tax collectors and receivers of taxes to make return of unpaid taxes assessed on seated lands for the years one thousand nine hundred and twenty-nine, one thousand nine hundred and thirty, one thousand nine hundred and thirty-one, one thousand nine hundred and thirty-two, one thousand nine hundred and thirty-three, one thousand nine hundred and thirty-four, and one thousand nine hundred and thirty-five; and validating the liens of such taxes."

It is, therefore, apparent that in the expressed purpose of the act the legislature has said nothing about a school district or any taxing body paying or giving credit to a tax collector for taxes returned under the act. In other words, it must be conceded that this is not the expressed intention of the legislature. The inquiry, then, is whether

or not it is the implied intention of the legislature. The act authorizes taxes on seated land for certain years to be returned, and, ordinarily, when a collector of taxes makes a return of taxes to the county commissioners, he is entitled to a credit for every dollar of tax returned. Plaintiff contends that the tax collector, who makes a return under this act of assembly, is entitled to a credit for every dollar of taxes returned.

The School Code, supra, art. V, sec. 553, provides as follows:

"In all school districts of the second, third, and fourth class in this Commonwealth, every collector of school taxes shall make a written report to the secretary of the board of school directors at the end of every month of the amount of taxes collected by him during the said month, furnishing the names of the taxables from whom the same has been collected. Such tax collector shall at the end of each month pay the full amount of school taxes collected during the month to the school treasurer of the district, and exhibit to the secretary, to be countersigned by him at the time of making such report, the receipt of the school treasurer showing that such amount of taxes as reported has been paid to the school treasurer."

The wording of this section of the School Code is clear and unequivocal. If the collector of school taxes is to be given a credit for taxes returned under the 1937 act, it, of course, follows that he has not furnished a complete list of collections, and he has not, at the end of each month, paid the full amount of taxes collected to the school district. This is contrary to the procedure defined in section 553 of the School Code. If this were done, it would appear from the school district's records that certain persons had not paid their school taxes when they had, in fact, paid their taxes.

Ordinarily, when school taxes are returned to the county commissioners and a school board grants a credit to the collector for the taxes returned, these taxes have not been paid. The returned tax lists and the school dis-

trict's lists correspond in this respect. In this case, if a credit is granted to the collector on his 1938 collections for taxes returned for the years 1929 to 1935, inclusive, it appears from the school district's records that certain residents have not paid their 1938 taxes, yet these taxes are not returned to the county commissioners and the tax collector's records show payment. Such records could not be audited. It would, therefore, seem clear that payment by credit cannot be made.

The real question is whether payment can be made by an order drawn on the treasurer of the school district for the amount of the returned taxes. The act of assembly creates an anomalous situation. The taxes appear to be paid on the school district's records and yet they are returned to the county treasurer's office as unpaid taxes. The real difficulty with regard to payment by an order drawn on the treasurer of the school district again arises out of a positive provision of the School Code.

Section 516 of the School Code provides as follows:

"The board of school directors in every school district in this Commonwealth shall have the right to use and pay out, in the manner herein provided, any funds of the district for any and all of the purposes herein provided, subject to all the provisions of this act. The use or payment of any public school funds of any school district in this Commonwealth, in any manner or for any purpose not provided in this act, shall be illegal."

After carefully examining the Act of May 27, 1937, P. L. 914, it appears that the legislature did not have in mind the situation where, as here, the tax collector had paid to the school district taxes which he had not collected from the taxpayers. Moreover, the statute makes no provision for the return, by the school district, of the taxes which the tax collector had paid to the school district—which taxes the tax collector had not collected from the taxpayers.

If plaintiff tax collector had made a return of such unpaid taxes for the years 1929 to 1935, inclusive, of course,

such tax collector would be legally exonerated from such payment.

The county taxing authorities had fixed November 1, 1938, as the time when a public sale was to be held for the taxes returned by plaintiff, pursuant to the Act of 1937. However, the court is informed that this public sale was postponed until March 1939.

In addition, it must be remembered that "after such sale," the owners of the property sold have two years to pay such taxes and procure a deed for the premises sold at such public sale.

Therefore, the School District of Derry Township would not receive the taxes on account of the tax sale of such land until 1941.

Moreover, the Act of 1937 specifically provides "That the return of any tax under this act shall not revive or re-establish any tax lien against real estate which was trans-ferred to any bona fide purchaser during the time when any such lien was lost, nor shall such return affect the priority of the lien of any mortgage or other lien which gained priority because of the failure of the collector to return the tax at the regular time."

Thus it appears that probably many of the taxes re-turned by the plaintiff tax collector, pursuant to the Act of 1937, cannot be collected, because many of these prop-erties may have been sold to bona fide purchasers while such tax lien was lost; and that many of such properties may have become bound by a mortgage, or other lien, dur-ing the period when such lien was lost.

In other words, the School District of Derry Township probably would not be paid any of the taxes in question, assessed for the years 1929 to 1935, inclusive, until 1941; and also probably a large proportion of such taxes in ques-tion will never be paid to the school district, because the lien of such taxes was lost prior to the adoption of the Act of May 27, 1937, P. L. 914.

It is undisputed that plaintiff tax collector, voluntarily and of his own free will, paid to defendant school district

the taxes in question aggregating the sum of $3,945—and that he delayed making return of such unpaid taxes for periods of two to eight years, respectively.

If plaintiff had made a return of such unpaid taxes according to law, it is probable that defendant school district would have been paid by the county treasurer almost all of such taxes before plaintiff's bill in equity was filed.

In other words, plaintiff—not defendant—is responsible for the delay in collecting such taxes; and is responsible for the collection of only a portion of such taxes by reason of such delay.

In the circumstances, the court is of the opinion that defendant school district is not liable to plaintiff for the return to him of the taxes which he did not collect or return, but which he paid to the school district—until defendant school district recovers the same, in whole or in part, from the County Treasurer of Westmoreland County.

However, the court is of the opinion that whenever the school district receives from the county treasurer such taxes, or a portion thereof, then plaintiff will be entitled to recover the amount so received by the school district from the county treasurer.

In the circumstances, defendant's preliminary objections to plaintiff's bill must be sustained. However, the court is of the opinion that plaintiff's bill should not be dismissed, at this time, but that plaintiff should be allowed sufficient time to amend his bill of complaint when the school district receives such returned taxes from the county treasurer. Plaintiff is not entitled to recover now, but later will be entitled to recover all or a portion of the said returned taxes—which taxes were not paid by the taxpayers—but which were voluntarily paid by plaintiff to the school district.

". . . a bill in equity should not be dismissed because of objections under Equity Rule 48, unless the facts averred show that the plaintiffs cannot possibly recover:

Rutherford Water Co. v. Harrisburg, 297 Pa. 33":
Douglas et ux. v. Clarke, 13 D. & C. 267, 274. See also
Smith v. Overseers of Public Schools of County of Phila.
et al., 104 Pa. Superior Ct. 111.

### Decree

And now, January 25, 1939, after argument by counsel and upon careful consideration, it is ordered, adjudged, and decreed that defendant's preliminary objections to plaintiff's bill of complaint be and the same are hereby sustained; that plaintiff's bill should not be dismissed, but that plaintiff's bill shall remain in status quo until defendant receives all or a portion of such taxes in question from the county treasurer—after which time plaintiff is permitted to amend his bill of complaint within a reasonable time thereafter.