## Lavine et ux. v. Rosenblum

*John R. Boland,* for complainants.

*Sidney E. Rosenblum,* for respondent.

ROWLEY, J., October 16, 1947.—This matter is before the court upon preliminary objections to plaintiffs' replication to new matter.

On June 4, 1946, plaintiffs filed their bill in equity for partition of certain real estate owned by them and A. M. Rosenblum, defendant.

Defendant, by preliminary objections to the bill, challenged the right of husband and wife to institute partition against their co-owner.

On November 5, 1946, the court overruled the objections to the bill and directed defendant to answer. Thereupon, defendant appealed the question to the Supreme Court.

On March 24, 1947, the Supreme Court quashed defendant's appeal.

On April 22, 1947, defendant filed his answer and new matter. On May 9, 1947, plaintiffs filed their replication to the new matter.

On May 27, 1947, defendant filed preliminary objections to plaintiffs' replication.

The bill prays partition of the land. Defendant answers that husband and wife cannot maintain partition against their co-tenant; that plaintiffs had made no effort to provide for an amicable partition prior to the filing of the bill; that plaintiffs acquired their title "with the intention and for the purpose of instituting an action of partition".

Under new matter, defendant avers that, after institution of the proceeding, counsel for plaintiffs and counsel for defendant entered into negotiations which culminated in an oral offer by plaintiffs to buy from or sell to defendant their undivided one half of the premises for $21,000, said offer to be accepted or rejected by defendant by Saturday, June 22, 1946, at noon; that defendant orally accepted and directed plaintiffs to deposit their deed with the bank for a settlement on July 1, 1946. Defendant further avers that plaintiffs have refused to consummate their contract. Defendant prays for specific performance.

Plaintiffs filed a replication averring that the offer to sell was made by counsel for plaintiffs, but deny that defendant accepted the offer.

By preliminary objections, defendant attacks that portion of paragraph 4 of the replication which is hereinafter enclosed in parenthesis.

"4. In answer to the matters alleged by the defendant in the 14th paragraph of his answer and new matter, plaintiffs deny that defendant has no full, complete and adequate remedy at law and, therefore, must have specific performance of the aforementioned agreement; (on the contrary, plaintiffs aver that on or about April 15, 1947, counsel for defendant proposed to counsel for plaintiffs that defendant would agree that the within pending litigation be discontinued and an agreement to partition be entered into by the parties to said litigation, provided said partition would not be made until May 1, 1948;) and plaintiffs further aver that the said allegations of defendant are questions, or matters of law, to be decided by the court."

Ordinarily, the same reasons and procedure which apply on a preliminary objection to plaintiffs' bill apply to defendant's answer and plaintiffs' reply.

Demurrers, as a form of pleading in equity, are abolished by the rules of equity practice promulgated by the Supreme Court. Instead of them Rule 48 provides for the filing of an answer raising preliminary objections to the bill (or to the replication). These may be filed on seven grounds therein specified which are broadly divisible into three classes: (1) Relating to the form of the bill; (2) relating to the parties, (3) relating to the substance of the bill.

After hearing, it is the duty of the court either (a) to dismiss the objections, or (b) to sustain them, in whole or part, and require plaintiff to amend accordingly, under penalty of a dismissal of the bill in whole or part: with the provisos: (1) That if the only objection sustained is that plaintiff has a full, complete and adequate remedy at law the bill shall not be dismissed, but shall be certified to the law side of the court, and (2) that if the court decides the bill contains imperti-

nent, irrelevant and scandalous matter which was maliciously inserted, it may dismiss the bill without giving leave to amend.

Preliminary objections in equity are analogous in character to those which, on the law side of the court, are presented by motion to strike off, by a rule for more specific statement, or by a statutory demurrer. As to preliminary objections, Equity Rules 48 and 49 must be construed in the same way as similar objections to plaintiffs' statement of claim, under the Practice Act of May 14, 1915, P. L. 483.

Equity Rule 49 expressly provides that, if such objections are sustained, the court shall "require plaintiff to amend . . . within such time as the Court shall prescribe", under a penalty of dismissal, if such amendment is not made.

The course of procedure thus provided for, which prevents the ancient injustice of at once dismissing an action for a failure to plead properly, was deliberately adopted to comport with the provisions of the Practice Act of 1915, which requires that, in determining whether or not a summary judgment should be entered, "the question to be decided . . . is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether upon the facts averred, it shows as a 'question of law' that plaintiff is not entitled to recover": Rhodes v. Terheyden et al., 272 Pa. 397. Equity Rules 48 and 49 must be construed in the same way: Gray v. Philadelphia & Reading Coal Co. et al., 286 Pa. 11.

Defendant's answer, which seeks affirmative relief, is to be examined in the light of the requirements for a good bill, and plaintiffs' replication is to be examined as an answer thereto.

Defendant bases his prayer for specific performance upon negotiations between the parties which he avers culminated in a contract by plaintiffs to convey the premises to defendant. Defendant set out in his answer

his version of the negotiations. The answer also avers that because the premises are of particular value to defendant, he has no adequate remedy at law for plaintiffs' breach of contract.

Plaintiffs, by replication, state their version of the negotiations and deny that they agreed to convey to defendant. The replication also disputes defendant's averment that he is without remedy at law, by an averment that defendant proposed a partition provided the matter was deferred until May 1, 1948.

The Rules of Equity Practice specify seven reasons, any one of which authorizes a preliminary objection. Defendant does not specify which of the seven reasons supports the instant objection. The fourth reason listed in the rules is "that the bill contains impertinent, irrelevant or scandalous matter."

Defendant's objection to the challenged portion of the replication is that it "is irrelevant and bears no relationship to that portion of said paragraph which precedes and/or follows" the quoted portion.

In our opinion the instant objection is not within the contemplation of reason 4, above quoted.

The most that can be said for defendant's complaint is that the matter is more properly the subject of proof than of pleading.

At this point in the proceeding, the court will not undertake to determine the relevancy of that part of the replication which defendant attacks.

A preliminary objection, to be within the provisions of Equity Rule No. 48, ordinarily must be directed to matters alleged, or omitted, in the pleading which might be required to set forth a complete cause of action or a sufficient defense.

## Decree

And now, October 16, 1947, it is ordered, adjudged and decreed that the preliminary objections be dismissed.