## Soby v. Garlick et al.

*Charles J. Biddle*, for plaintiff.

*David Bortin*, for defendants.

PER CURIAM, January 31, 1952.—We are considering two preliminary objections by defendants to plain-

tiff's bill in equity. The docket entries show that the bill of complaint was filed on December 24, 1951. On January 23, 1952, 30 days later, defendants interposed their preliminary objections to the complaint. Apparently this matter was ordered on the argument list of January 28, 1952, by a præcipe of plaintiff directed to the clerk of this court. Defendants now contend that under Rule 49 of the Equity Rules they alone had the right, power and privilege of ordering the objections on the argument list, that plaintiff had 10 days within which to file amendments as "of course" and that defendants thereafter would have an additional 10 days within which to order the case upon the argument list for hearing.

Our attention has not been directed to any authority interpreting rule 49 as urged by defendants: Smith v. Overseers of Public Schools of County of Philadelphia et al., 104 Pa. Superior Ct. 111, 113, and 8 Standard Pa. Practice 202, §275.5, cited by defendants, merely repeat what the rule says. We are of the opinion that rule 49, quite logically, refers to defendant's *duty* to order his objections on the argument list lest they "be deemed finally waived", but there is absolutely nothing in the rule which denies to plaintiff *the privilege* of immediately joining issue with the objections and thereby affirmatively indicating that he does not intend to amend his complaint. The maxim expressio unius est exclusio alterius has no application. The policy of the court rules is to *expedite* the disposition of litigation, not *delay* it, and so we must construe the rules.

We may add that there was no suggestion whatsoever, either in defendants' brief or oral argument, that an expeditious disposition of the objections in any way prejudiced the argument. Defendants offered, *in this court of equity*, an objection of *form* with no indication

of substance. Defendants' oral motion made at the bar of the court to strike off this matter from the argument list is overruled.

We have accordingly considered defendants' preliminary objections, which demand a more specific complaint in certain particulars, and find them to be without merit. The complaint sets forth that plaintiff is a partner of defendants; that he has been excluded from information, management and participation in the business; that he has been denied access to the books and records of defendant company despite request. Plaintiff seeks a decree of dissolution and an accounting. Among their objections defendants aver that the complaint does not set forth who are the partners, the terms of the alleged partnership agreement, whether it was oral or written, the date it was entered into, and the duties and obligations thereunder. These objections surprisingly ignore paragraph 6 of the complaint wherein it is alleged that the agreement "is in writing" and was entered into "on or about September 17, 1941 and amended on March 3, 1943"; that plaintiff does not have a copy of the agreement; and that defendants do have such a copy, calling upon them to set same forth in their answer. In paragraph 3, the complaint clearly lists all of the individual defendants as partners. Certainly plaintiff need not plead information which he pleads is being improperly withheld from him.

Justice requires that there be a prompt joinder of issue and disposition of this matter.

### Order

And now, January 31, 1952, all of the defendants' preliminary objections to plaintiff's bill in equity are dismissed and defendants are directed to file an answer within 10 days of the date of this order.