624 A.2d 166

**Robert L. JONES and Merry B. Jones, His Wife, Appellants,**

**v.**

**Christian T. WAGNER and Ines Olivares, His Wife, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1993.

Filed April 29, 1993.

Robert L. Jones, Media, for appellants.

Larry R. McDowell, Philadelphia, for appellees.

Before OLSZEWSKI, TAMILIA and FORD ELLIOTT, JJ.

OLSZEWSKI, Judge:

This is an appeal from the order entered by the Honorable Samuel Salus, granting defendants'/appellees' demurrer to plaintiffs'/appellants' amended complaint. Appellants' trees were extending into appellees' property. After appellees' clipped the protruding branches, appellants initiated this action seeking monetary relief for the damage done to their trees. The trial judge held that no cause of action exists for the type of damages sought, and dismissed appellants' complaint with prejudice. We affirm.

When considering a ruling on preliminary objections in the form of a demurrer, our standard of review is well settled:

All material facts set forth in the complaint as well as all the inferences reasonably deducible therefrom are admitted as true for the purpose of this review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a

doubt exists as to whether a demurrer should be sustained, this doubt should be in favor of overruling it.

*Muhammad v. Strassburger, et al.,* 526 Pa. 541, 548, 587 A.2d 1346, 1349 (1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991) (quoting *Vattimo v. Lower Bucks Hospital,* 502 Pa. 241, 243–245, 465 A.2d 1231, 1232–1233 (1983) (citations omitted)).

The complaint alleges that appellants and appellees are adjoining landowners with a fence separating their properties. Appellants are the owners of a row of tall hemlock trees. While appellants were on vacation, appellees trimmed the branches of the trees to the extent that the branches hung over the boundary line separating the neighbors' property. Complaint ¶ 5. Appellants seek the replacement value of each of the twenty-six trees which adorn the property line, a combined figure of approximately $31,000.

Appellants' theory for recovery is one that has not been addressed by an appellate court in this Commonwealth. Appellants claim that appellees are liable to them at law since appellees, having suffered no appreciable damage by the overhanging branches, are not entitled to exercise a self-help remedy by trimming the trees. Thus, appellants claim that appellees' action, pursuing a remedy without a right, renders appellees liable for damage to the trees. This theory mischaracterizes the common law of encroachments.

The issue of whether a landowner who suffers a trespass caused by overhanging tree limbs, branches, or roots is entitled to a self-help remedy has been considered at length by other jurisdictions. *Michaelson v. Nutting,* 275 Mass. 232, 175 N.E. 490 (1935); *Smith v. Holt,* 174 Va. 213, 5 S.E.2d 492 (1939); *Gostina v. Ryland,* 116 Wash. 228, 199 P. 298 (1921); *Sterling v. Weinstein,* 75 A.2d 144 (D.C.Ct.App.1950); *Whitesell v. Houlton,* 2 Haw.App. 365, 632 P.2d 1077 (1981); *Cannon v. Dunn,* 145 Ariz. 115, 700 P.2d 502 (1985). *See generally,* Annotation, *Encroachment of Tree, Shrubbery, or Other Vegetation Across Boundary Line,* 65 A.L.R.4th 603. While there does exist some conflict regarding when a landowner may institute an action for injunctive or monetary relief

against an adjoining landowner whose trees overhang the property line, one common thread connects all of these cases: the landowner whose land is encroached by the overhanging branches may trim the limbs to the extent of the encroachment. As the District of Columbia Court of Appeals cogently stated in *Sterling, supra:* "[W]e think that the cases are in agreement that trees ordinarily aren't nuisances; that overhanging branches which merely cast shade or drop leaves on the land are not nuisances; that if under any circumstances overhanging branches or protruding roots do constitute a nuisance it is only when they do sensible or substantial harm; and that, whether nuisances or not, *a landowner may always cut away to his property line branches and roots from trees of the adjoining owner.*" *Id.* at 147 (emphasis added).

■  Appellants' contention that appellees were required to suffer sensible harm before availing themselves of a remedy is only relevant if the appellees seek their remedy in a court of law or equity. Under the laws of the jurisdictions who have confronted the issue, and henceforth ours, a showing that encroaching tree limbs, branches, or roots have caused sensible damage is not a pre-condition to exercising a self-help remedy.

The genesis of the "appreciable, sensible harm" distinction is sagely described by the Washington Supreme Court in the aged, yet hardly antiquated, case of *Gostina v. Ryland, supra.* In *Ryland,* appellees' property was encroached by appellant's pine tree. They brought an action for damages under a state statute making any obstruction with a landowner's free use of his property a nuisance. The court explained that while a self-help remedy is always available for an aggrieved landowner at common law, it is not clear when the court will entertain the landowner's action for damages or injunctive relief:

> Nuisances by act of commission are committed in defiance of those whom such nuisances injure, and the injured party may abate them without notice to the party who committed them; but nuisances from omission may not be thus abated, except be it to cut the branches of trees which overhang the public road, or the private property of the person who cuts

them. The permitting of the branches of those trees to extend so far beyond the soil of the owners of the trees is an unequivocal act of negligence. The security of lives and property may sometimes require so speedy a remedy as not to allow time to call on the person whose property the mischief has arisen to remedy it; in such a case a person would be justified in abating the nuisance from omission without notice. In all other cases of such a nuisance, persons should not take the law into their own hands, but follow the advice of Lord Hale, and apply to a court of justice.

Trees whose branches extend over the land of another are not nuisances, except to the extent to which branches overhang the adjoining land. To that extent they are technical nuisances, and the person over whose land they extend may cut them off, or have his action for damages, if any have been sustained therefrom, and an abatement of the nuisance against the owner or the occupant of the land on which they grow; but he may not cut down the tree, neither can he cut the branches thereof beyond the extent to which they overhang his soil.

It may be understood that any erection upon one man's land, that projects over the land of another, as well as any tree whose branches thus project, doing actual damage, or anything that interferes with the rights of an adjoining landowner, is an actionable nuisance.

From ancient times it has been a principle of law that the landowner has the exclusive right to the space above the surface of his property. To whomsoever the soil belongs, he also owns the sky to the depths. The owner of a piece of land owns everything above it and below it to an indefinite extent.

On the same principle it is held that the branches of trees extending over adjoining land constitute a nuisance—at least in the sense that the owner of the land encroached may himself cut off the offending growth.

But whether a suit for injunction and damages may be maintained without proof of actual damage is a point upon

which the authorities are not very clear or satisfactory. According to some decisions, sensible, appreciable damage must be shown in order to give overhanging branches the character of nuisance; in other words, the fact that the branches extend over another's land does not constitute them a nuisance per se.

*Id.* 116 Wash. at 232, 199 P. at 300.

■ Thus, there is no question that a branch overhanging a landowner's property line is a technical trespass which he may alleviate by exercising self-help, as did appellees here. They were entitled to trim the encroaching branches without regard to the degree of physical harm done to their property. The redressable harm caused by the trees is that of the trespass onto appellees' property, not physical damage done to their land.

Although self-help is always available to a landowner whose neighbors' trees protrude onto his property, it is also necessary to address the available judicial remedies. In some jurisdictions, damage caused by encroaching branches and roots are never actionable, self-help being the landowner's only remedy. This is referred to as the "Massachusetts Rule." *Michaelson v. Nutting, supra; Richmond v. General Engineering Enterprises,* 454 So.2d 16 (Fla.Dist.Ct.App., 1984). Others require proof of some "sensible or substantial" damage before an action for damages in trespass are available, *Smith v. Holt, supra,* while some jurisdictions allow both actions at law and at equity upon this showing. *Cannon v. Dunn, supra* (and cases cited therein). Hawaii allows an action upon a showing of actual damage or upon "imminent danger" of damage. *Whitesell v. Houlton, supra; see also, Pierce v. Casady,* 11 Kan.App.2d 23, 711 P.2d 766 (1985). Finally, some jurisdictions hold that proof of damage only determines the amount of damages recoverable, and not whether a cause of action exists. These jurisdictions, however, are ones in which statutes, not common law, recognize the existence of the cause of action. *Rautsaw v. Clark,* 22 Ohio App.3d 20, 488 N.E.2d 243 (1985). We must now decide how Pennsylvania should address the issue.

██ It is a fundamental maxim of law which states that an owner of realty has a cause of action in trespass against any person who has committed a trespass upon his lands, and it is not necessary for the landowner to allege any actual injury or damage as an element of the cause of action. 37 P.L.E., Trespass § 6 (and collected cases). There is no need to allege harm in an action for trespass, because the harm is not to the physical wellbeing of the land, but to the landowner's right to peaceably enjoy full, exclusive use of his property. *See, Houston v. Texaco, Inc.*, 371 Pa.Super. 399, 538 A.2d 502 (1988), *alloc. den.* 520 Pa. 575, 549 A.2d 136 (1988). Moreover, as Prosser notes:

> Any physical entry upon the surface of the land is a trespass, whether it be by walking upon it, flooding it with water, casting objects upon it, or otherwise. One may commit a trespass upon the vertical surface of another's premises, as well as the horizontal—as where he piles dirt or attaches wires against a boundary wall. But the interest in exclusive possession is not limited to the surfaces; it extends above and below. There is a property right in the air space above the land, which may be invaded by over-hanging structures, or telephone wires, by thrusting an arm above the boundary line, or by shooting across the land, even though the bullets do not fall upon it.

Prosser, Torts (5th ed., 1984); *See also* Restatement (Second) of Torts, § 159 (trespass may be committed above the surface of the earth).[1] Thus, an aggrieved landowner has a cause of action against an adjoining landowner whose trees overhang the boundary line. Otherwise, his right to enjoy exclusive peaceable use of his property is diminished.

██ The continuing presence of the branches and trees overhanging property lines indicates that the nature of the

---

1. The only exception to the ancient rule that a landowner owns his property "to the heavens" is in aviation, where a landowner cannot claim a trespass if aircraft flies above his land and does not substantially interfere with his use thereof. Restatement (Second) of Torts, § 159(b) (incorporating *United States v. Causby*, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946)); *accord, Gardner v. County of Allegheny*, 382 Pa. 88, 114 A.2d 491 (1955).

relief afforded to the aggrieved landowner is not limited to monetary relief. The Restatement notes that a continuing trespass is committed by the "continued presence of a structure, chattel, or other thing which the actor has tortiously placed there, whether or not the actor has the ability to remove it." Restatement (Second) of Torts § 161(a). An actor places branches "tortiously" on another's property when he is subject to liability in tort, that is, when he is trespassing onto another's property. *Id.*, comment a. As we have noted, a trespass occurs by a mere overhang. Furthermore, given the rather unremarkable observation that trees will tend to grow, the trespass, even if remedied once, is bound to recur just as soon as the trees or shrubbery regenerate. *See, Graybill v. Providence Twp.*, 140 Pa.Commw. 505, 593 A.2d 1314 (1991) (recurring flooding on plaintiff's land caused by defendant's conduct is a continuing trespass). Thus, the trespass is "continuing" and the possessor of land is entitled to pursue a proper remedy.

■ Our Supreme Court has continually held that equity is available to a landowner who suffers trespasses of a continuing nature:

It is hornbook law that a Court of Equity possesses jurisdiction to enjoin repeated trespasses on land as well as to enjoin a nuisance. *In Tri Cities Water Co. v. City of Monessen*, 313 Pa. 83, 85, 169 A. 159, it is said: "There is no doubt equity has power to grant a restraining order preventing actual or threatened trespasses of a continuing character. *Gray v. Philadelphia & Reading Coal & Iron Co.*, 286 Pa. 11, 132 A. 820."

*Gardner v. County of Allegheny*, 382 Pa. 88, 102, 114 A.2d 491 (1955).[2] Furthermore, the recurring nature of the trespass is

---

2. We do note that Pennsylvania follows the Restatement (Second) of Torts in private nuisance situations. *Kembel v. Schlegel*, 329 Pa.Super. 159, 478 A.2d 11 (1984). The Restatement, §§ 821F and 822, holds a private citizen liable in nuisance for an unreasonable and intentional invasion of the private use and enjoyment of another's land. While the type of harm sufficient to permit recovery for nuisance is generally a question for the factfinder, we have held, quoting the Restatement, that "[t]he law does not concern itself with trifles, and therefore, there must

one that cannot be redressed in one action. Our courts have held that in such a case, the aggrieved landowner may maintain successive actions to cure the harm. Comment b to § 161 of the Restatement (Second) of Torts provides:

> The actor's failure to remove from the land in the possession of another a structure, chattel or other thing which he has tortiously erected or placed on the land constitutes a continuing trespass for the entire time during which the thing is wrongfully on the land and ... confers on the possessor of the land an option to maintain a succession of actions based on the theory of continuing trespass or to treat the continuance of the thing on the land as an aggravation of the original trespass.

*Id.;* [3] *see, Sustrik v. Jones and Laughlin Steel Corp.*, 413 Pa. 324, 197 A.2d 44 (1964). We are convinced that Pennsylvania law, as embodied in the Restatement, entitles a landowner to protect his property interest by maintaining an action to compel a person who has caused a trespass to remove it. It is not suggested anywhere that a showing of harm is a prerequisite to recovering in trespass. A landowner in this Common-

be a real and appreciable invasion of the plaintiff's interests before he can have an action" for a private nuisance. *Kembel*, at 167, 478 A.2d at 15. The nature of the equitable relief in the case of a possessor of land who suffers a continuing trespass of encroaching tree branches, however, is not a nuisance. It is a trespass and as such no degree of harm is necessary to enforce its abatement.

3. This comment contains a qualification. The Restatement notes that a continuing trespass is not a trespass at all if the actor causing the trespass has obtained an easement by adverse possession. Restatement (Second) of Torts § 161, comment d. We cannot help but wonder whether the continued presence of encroaching tree branches, held openly, notoriously, hostilely, and continually for 21 years would create a prescriptive easement in the airspace which they hang. If this would be the case, and we can find no Pennsylvania law which would indicate that a prescriptive easement is not available in this situation, a landowner who suffers actual harm for the first time during the tree owner's twenty-second year of hostile ownership, might very well be precluded from seeking a judicial, or even self-help, remedy. This result, while not entirely unforeseeable, is anomalous. However, if an action is available without a showing of damage, the landowner has no reason to complain if a neighbor's tree causes damage after the prescriptive period has run. *See, contra, Pierce v. Casady*, 11 Kan.App.2d 23, 711 P.2d 766 (1985) (holding that airspace is generally not subject to prescriptive rights).

wealth may avail himself of every available remedial avenue in an effort to protect the incidents of land ownership. Anything less, in our view, is a travesty.

Therefore, based on the reasoning above, we conclude that Pennsylvania law affords a full panoply of remedies to a landowner whose property is encroached by overhanging branches or tree limbs. First, an aggrieved landowner is entitled to exercise a self-help remedy by either trimming or lopping off the branches to the extent his property is encroached. Second, if the landowner has incurred reasonable expenses in the course of exercising a self-help remedy, he may recoup those expenses from the trespasser. Third, he may, on a trespass theory, seek equitable relief compelling the trespassing neighbor to remove the trees to the extent of the encroachment and seek appropriate incidental and consequential damages. We emphasize that Pennsylvania law requires no showing of physical harm or damage to the land before a possessor of land can enforce his right to freely enjoy unencumbered and exclusive use of property he rightfully possesses.

Since appellees in this case were only exercising their right to trim the branches and limbs of appellants' encroaching trees, they may not be held liable in damages for doing so. *See, Rosa v. Oliviera,* 115 R.I. 277, 342 A.2d 601 (1975) (damages not available for harm to encroaching shrubbery caused by party exercising common law right to self-help).

The order granting appellees' preliminary objections in the form of a demurrer is affirmed.