676 A.2d 684

**Alvin LAMPENFELD and Lois Lampenfeld,
Husband and Wife, Appellee,**

v.

**Raymond C. SEITZ, individually and t/d/b/a
Doc of the Bay Marina, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 23, 1996.

Filed May 15, 1996.

528

Laurence Landis, Pittsburgh, for appellant.

Gary F. Lynch, New Castle, for appellees.

Before DEL SOLE, HUDOCK and BROSKY, JJ.

DEL SOLE, Judge:

Appellees Alvin and Lois Lampenfeld brought this action in ejectment against Appellant Raymond Seitz. Seitz had erected a stone retaining wall and docks and had occupied a cement block building located on property to which Appellees claimed a right of possession. The trial court found in Appellees' favor and ordered Appellant to vacate the cement block building and to remove the stone retaining wall, docks, and other obstructions on the waterway in front of Appellees' property. The court denied Appellees' claim for money damages and entered judgment against Appellant on his counterclaim. Finding no error, we affirm.

At issue is a leasehold interest in property located along the Allegheny River in Sharpsburg. The Borough of Sharpsburg owns the property and, since 1962, has continuously leased it

to individuals who have operated a restaurant and marina. In 1978, Sharpsburg leased the property to D.M. Stelitano for a period of fifteen years with an option to renew for an additional fifteen years. Between 1978 and 1981, the lease was assigned and reassigned in several transactions. Each assignment traced the succession back to Stelitano. Ultimately, one of the assignees, John J. and Martha E. Santarcangelo, filed for bankruptcy. On August 31, 1981, pursuant to a petition filed on behalf of one of the creditors, the bankruptcy court ordered that the lease be assigned to Il Geranio Associates free and clear of all encumbrances. Il Geranio Associates mortgaged its interest in the leasehold to First Federal Savings and Loan Association of Pittsburgh, which subsequently foreclosed. Resolution Trust Corporation, as the successor in interest to First Federal, then assigned its interest in the lease to Appellees via a quitclaim deed for the buildings and an assignment of the lease. This assignment also traced the succession back to Stelitano. When Il Geranio mortgaged its interest, the document set forth that it was a mortgage of the property covered in the Stelitano lease. However, the metes and bounds description of the property which was attached to the mortgage did not cover the entire property and in fact the metes and bounds description did not close and, therefore it does not even describe a complete portion of the property. This inaccurate attachment was subsequently used and is part of the documents transferring the lease to Appellees.

On appeal, Appellant contends:

(1) that Appellees could not prevail in this ejectment action because they did not first seek to reform their deed and would not be entitled to reform their deed;

(2) that the trial court erred in admitting Appellees' Exhibit 14, an order of the Bankruptcy Court in the Santarcangelo case; and

(3) that the trial court should not have admitted the testimony of Robert Lampl regarding the intended legal description.

■ In an action in ejectment the plaintiff has the burden of establishing a right to immediate and exclusive possession of the premises. *Sutton v. Miller*, 405 Pa.Super. 213, 592 A.2d 83 (1991). Presently, Appellees introduced the quitclaim deed to the buildings as well as the assignment of the lease from Resolution Trust Corporation to them. They also presented the various assignments and other transactions going back to the time that Stelitano originally obtained the lease. The quitclaim deed covers the buildings and the lease assignment covers the actual ground. Thus, the quitclaim deed is not the determinative writing as to Appellee's right to possession of the land in question. Rather, the right to possession of the actual ground is governed by the assignment of the lease.

■ Deed reformation is only applicable here with respect to the deed to the buildings. However, once Appellees have proved their right to exclusive possession of the land, they have in essence proved their right to possession of anything located on that land because no one else would have the right to disturb Appellees' exclusive possession without their consent. *Jones v. Wagner*, 425 Pa.Super. 102, 624 A.2d 166 (1993). Thus, reforming the quitclaim deed is not required for Appellees to prevail.

Appellant also contends that the trial court should not have admitted the testimony of Robert Lampl to explain the discrepancy between the lease assignment and the exhibit attached to it.

■ Like any other contract, an assignment of a lease may be interpreted by reference to parol evidence if the assignment is ambiguous. *In re Estate of Hall*, 517 Pa. 115, 535 A.2d 47 (1987). To determine whether a contract is ambiguous, the court must look at the contract as a whole and not at isolated portions of it. *Halpin v. LaSalle University*, 432 Pa.Super. 476, 639 A.2d 37 (1994). Here, the assignment first specifies that it intends to assign the lease of the property which was originally leased by Stelitano. The exhibit attached to the assignment, however, includes a metes and bounds description which does not cover the property leased

to Stelitano and in fact does not form a complete parcel of land. Given this ambiguity, the trial court properly looked to parol evidence to determine the parties' intent. *In re Estate of Hall, supra.*

Robert Lampl was the attorney for Il Geranio when it obtained the lease and also was the scrivener of the inaccurate mortgage documents. His testimony was highly relevant to explain the ambiguity in the documents. Thus, the trial court did not err in admitting his testimony.

■ Finally, Appellant claims that the trial court erred in admitting the August 31, 1981, Bankruptcy Court order. Appellant argues that the trial court should have excluded this order because it was not listed in Appellees' pretrial statement. We do not agree.

■ The exclusion of evidence on this basis is a drastic remedy and is only appropriate where there is serious prejudice to the opposing party and no reasonable explanation is given for the failure to include the evidence on a pretrial statement. *Gill v. McGraw Elec. Co.,* 264 Pa.Super. 368, 399 A.2d 1095 (1979).

Review of the record shows that Appellees' first pretrial statement listed "all transfer documents." Appellees' amended pretrial statement listed this order specifically. Appellant's own pretrial statement listed the complaint which led to the issuance of the order. Furthermore, the order is part of the public record of the Bankruptcy Court. Appellant was well aware of the Bankruptcy Court proceeding and could easily have viewed or copied the order from that file. Since Appellant specifically listed the original complaint which led to this order, it is incredible that Appellant would not also have seen or known about the ultimate order. Thus, Appellant cannot show how he was prejudiced by the late listing of this document on Appellees' amended pretrial statement.

■ Appellant's other complaints regarding the admission of the order—that the order was a preliminary rather than a

final order and that the order did not define the term "marina"—go to the weight not the admissibility of the evidence.

Order affirmed.