J-A10023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WINOLA LAKES, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DANIEL DIEFFENBACH | : | |
| | : | |
| Appellant | : | No. 516 MDA 2021 |

Appeal from the Order Entered March 26, 2021,
in the Court of Common Pleas of Wyoming County,
Civil Division at No(s):  2017-00548.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

JUDGMENT ORDER BY KUNSELMAN, J.:               **FILED APRIL 20, 2022**

Daniel Dieffenbach appeals from an order directing him or his agents to remove certain encroachments that he unlawfully erected upon the property of Winola Lakes, LLC.  The order also states, if he fails to comply, Winola Lakes may remove the encroachments and bill Dieffenbach.  As we will explain, because the order does not impose a contempt sanction, it is not an appealable order, and we quash.

Over five years ago, Dieffenbach built part of a patio, fire pit, and steps on his neighbors' property.[1]  In 2017, his neighbors sued him for ejectment. Dieffenbach failed to answer their complaint.  The neighbors won a default judgment, which resulted in a March 19, 2018 Order for Dieffenbach to remove the encroachments.  Dieffenbach did not appeal and has yet to comply.

---

[1] Undoubtedly, this was a trespass to land.  **See** W. Prosser, LAW OF TORTS §
13 at 63-75 (4th ed. 1971).

He was arrested on unrelated matters and has remained in the state penitentiary ever since. Despite incarceration, Dieffenbach continued to own a deli, to operate it through employees, to pay two mortgages, and to hire private counsel for both his criminal appeal and this civil suit.

A few months after Dieffenbach's arrest, his neighbors sold their land to Winola Lakes, which substituted as Plaintiff in this matter. Winola Lakes petitioned to have Dieffenbach held in contempt of the March 19, 2018 Order.

Following a hearing, the trial court gave Dieffenbach 20 days to obtain quotes for removing the encroachments and to provide the quotes to the court. Two weeks later, the court received a letter from Dieffenbach's counsel indicating that he had a close COVID-19 contact. Even so, counsel wrote that he would make every effort to forward quotes by the deadline. He sought no continuance or extension of time.

The deadline for the quotes passed, and, on August 27, 2020, the trial court ordered Dieffenbach or his agents to remove the encroachments within 30 days. That order also indicated that, if the encroachments remained past 30 days, Winola Lakes could remove them at Dieffenbach's expense. Dieffenbach then moved the court to vacate its order. The trial court held another hearing on March 26, 2021. Thereafter, it denied the motion to vacate and reinstated the August 27, 2020 Order, effective March 26, 2021. Dieffenbach appealed.

Next, this Court issued a rule to show cause why we should not quash for lack of jurisdiction. In deciding whether we have jurisdiction "the standard

of review . . . is *de novo*, and the scope of review is plenary." ***In re Admin. Order No. 1-MD-2003***, 936 A.2d 1, 5 (Pa. 2007) (case citations and some punctuation omitted). "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." ***In re Estate of Cella***, 12 A.3d 374, 377 (Pa. Super. 2010). As Dieffenbach admits, "an adjudication of contempt, with a directive to specifically perform, without sanctions, is interlocutory and not appealable." Dieffenbach's Response to Rule to Show Cause at 7-8 (quoting ***Richardson v. Richardson***, 774 A.2d 1267, 1268 n.2 (Pa.Super. 2001)).

He contends, however, that the portion of the order stating Winola Lakes may remove the encroachments and charge him for the work constitutes a sanction that renders the order appealable. ***See***, ***e.g.***, ***Genovese v. Genovese***, 550 A.2d 1021 (Pa. Super. 1988) (stating that a contempt order is appealable when it imposes sanctions). Dieffenbach is incorrect. The order's last sentence merely restates the common law of self-help and tort damages available to victims of continuous trespasses to land. When one continuously trespasses in the property of another, the "aggrieved landowner is entitled to exercise a self-help remedy . . . ." ***Jones v. Wagner***, 624 A.2d 166, 171 (Pa. Super. 1993). If, in removing the encroaching objects, "the landowner has incurred reasonable expenses in the course of exercising a self-help remedy, he may recoup those expenses from the trespasser." ***Id.*** at 171. Under ***Jones***, Winola Lakes had the right to exercise its self-help remedy at any time.

Thus, the trial court's order imposes no sanction. Because there was no fine or incarceration, the order simply describes a legal remedy for the ongoing trespass by Dieffenbach. The order is not appealable. ***See Richardson***, ***supra***.

Appeal quashed. Case stricken from the argument list.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/2022