Lykins et al., Appellees, v. Dayton Motorcycle Club, Inc., Appellant.

[Cite as Lykins v. Dayton Motorcycle Club (1972), 33 Ohio App. 2d 269.]

(No. 186—Decided August 10, 1972.)

*Mr. Edward G. Lykins,* for appellees.

*Messrs. Cowden, Pfarrer, Crew & Becker, Messrs. Dye & Ernst* and *Mr. Joseph P. Buchanan,* for appellant.

Kerns, J. This is an appeal from a judgment of the Court of Common Pleas of Preble County permanently enjoining the defendant, Dayton Motorcycle Club, Inc., appellant herein, from using certain land for the purpose of promoting motorcycling and conducting motorcycle races.

The cause was submitted to the trial court upon stipulations of fact which read as follows:

"1. That the defendant, Dayton Motorcyle Club, Inc., is a non-profit corporation organized in the year 1910 and that said defendant has been in existence since that time. That the purpose of the defendant corporation is to encourage and promote the sport of motorcycling and to conduct motorcycle races.

"2. That the plaintiffs are the owners of the property described in Paragraph Two of the Petition.

"3. That the defendants are the owners of the real estate described in the Petition.

"4. That the Preble County Rural Zoning Resolution,

as revised, has been and is now in full force and effect in Gratis Township, Preble County, as alleged in the Petition, and that said zoning resolution was in full force and effect at the time Defendant purchased said property.

"5. That the plaintiff's property and the defendant's property are located in an agricultural district under the zoning ordinance of Preble County, Ohio. The part of the zoning ordinance set forth in the petition is admitted to be true.

"6. That defendant purchased the property in May of 1969 for the sum of $30,000.00 and that defendant intends to develop said property as a recreation area for the sport of motorcycling, including trails for motorcycle riding, a shelter house with sanitary facilities and a race course for competitive events.

"7. That defendant will open said property to the general public for the uses set forth in the preceding paragraph, subject to reasonable rules and regulations, and for a nominal fee to maintain the premises; that although defendant's facilities will be open to the general public upon payment of a nominal fee, the attraction to defendant's facilities will be by those persons favoring the sport of motorcycling and will involve a small and selective group of the general public.

"8. The property will not be used for the exclusive benefit of the defendant's members and guests; that although defendant's facilities are not to be used for the exclusive use and benefit of defendant's members and guests, those persons who will utilize and obtain a benefit from defendant's facilities will mostly be members of Dayton Motorcycle Club, Inc., their guests by invitation, and those persons who are solicited by advertising who take an interest in the sport of motorcycling, and so also represent a small and selective group of the general public.

"9. The Defendant will not erect a clubhouse and meeting place on the property.

"10. The facilities to be constructed by the defendant on the property, that is, a motorcycle race course and a trail course, are to be constructed approximately 900 feet

from the centerline of the road and east of the creek that runs through the premises.

"11. That the issue in this case is whether or not the use of the property as set forth in the above numbered paragraphs is permitted under the provisions of Article III, Sections 304.00 et seq. of the Preble County Rural Zoning Resolution."

Pursuant to the agricultural district regulations of the Preble County zoning resolution, certain uses of land are permitted as a matter of right, and one of such uses is set forth in the regulations as follows:

"304.015 Open space and recreational uses which are open to the public."

The only assignment of error alleged in this appeal is that the judgment of the court of common pleas is against the manifest weight of the evidence and contrary to law. In other words, is the evidence presented by the parties in the form of an agreed statement of facts sufficient to support the prayer for injunctive relief?

The authorities are agreed that injunction is an extraordinary remedy which is equitable in nature, and that its issuance may not be demanded as a matter of strict right. See *Perkins* v. *Quaker City,* 165 Ohio St. 120. Hence, the burden was upon the plaintiffs to show a clear legal right to the relief sought herein.

It is also fundamental that regulatory measures which impose restrictions and limitations upon the use of private property may not be extended by implication. *State, ex rel. The Ice & Fuel Co.,* v. *Kreuzweiser,* 120 Ohio St. 352. Furthermore, exemptions from the restrictive provisions of a zoning regulation must be construed liberally in favor of the landowner. *State, ex rel. The Moore Oil Co.,* v. *Dauber,* 99 Ohio St. 406.

With these governing principles in mind, we have carefully examined the factual stipulations, but within the broad range of the language "recreational uses which are open to the public," the facts agreed upon give no probative force to the allegations of the petition. While motorcycling will probably never replace baseball as our na-

tional pastime, it is nonetheless a form of recreation for many people, and according to the stipulations, the facilities providing for such recreation will be open to the general public. The provision for a "nominal fee to maintain the premises" is not alone sufficient to change the basic character of the operation described in the stipulations from recreational to commercial. Indeed, almost all recreational pursuits which are open to the public involve some charge (municipal swimming pools, golf courses, state camping, boating, and fishing areas, etc.).

The judgment of the court of common pleas granting the injunction is based essentially upon a finding that it is the intention of the defendant "to operate the track and other operations thereon for profit which brings it within a commercial business." Motorcycle racing, by its nature, lends some speculative support to the finding of the trial court, but we find nothing specific in the stipulations of fact which will support that conclusion. Neither motorcycle nor automobile racing is a nuisance per se, and the agreed facts are framed to anticipate a recreational rather than a commercial use of the defendant's land.

If, in the future, the manner of operating the facilities should become a nuisance in fact, or if the recreational purpose of the facility should ever become a mere guise for a commercial or business operation in the zoned area, the courts will still be open. But upon the record now before us, we find no basis for injunctive relief.

The judgment must therefore be reversed, and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

SHERER, P. J., and CRAWFORD, J., concur.