RAUTSAW, APPELLANT, *v.*
CLARK ET AL., APPELLEES.

(No. CA84-06-019 — Decided
April 29, 1985.)

*Augustus L. Ross III,* for appellant.
*Andrew B. Dennison,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Eaton Municipal Court of Preble County.

Appellant, Gladys Rautsaw, and appellee, Hubert Clark, are landowners. Washington Township Trustees apportioned responsibility for constructing and maintaining a partition fence between the adjacent properties by allocating the northern half of the fence to Clark, and the southern half to Rautsaw.

During construction of her portion of the fence line, appellant removed some hedge trees which had grown from Clark's property into the existing partition fence. Rautsaw hired appellee Robert Rich to bulldoze the fence line, and he deposited the debris from the fence line upon Rautsaw's property.

On August 9, 1983, Rautsaw filed a complaint in the Small Claims Division of the Eaton Municipal Court against Clark for the amount of $210 for the costs of such removal and against both Clark and Rich for the amount of $470 for disposal of the debris from the fence line which was stacked on appellant's property.

A hearing before a referee was held on September 6, 1983, and on April 16, 1984, the referee filed his recommendation of judgment for defendants-appellees. Rautsaw filed objections, and on May 11, 1984, the municipal court approved the referee's report and entered judgment in favor of defendants-appellees. Notice of appeal was filed June 4, 1984, and appellant asserts the following assignment of error:

"The trial court erred in denying appellant's cause of action in nuisance caused by the encroachment of appellee's trees."

Appellant raises the issue as to whether R.C. 971.34 to 971.37 provide the exclusive remedy for an action brought under R.C. 971.33.

R.C. 971.33 states in part:

"An owner of land, adjacent to a line or partition fence, shall keep all brush, briers, thistles, or other noxious weeds cut in the fence corners and a strip four feet wide on his side along the line of a partition fence * * *."

R.C. 971.34 requires notice to the adjoining landowner, followed by notice to the township trustees, and if justified,

the trustees may provide for the brush to be removed.

R.C. 971.33 is a right created by statute. R.C. 971.34 to 971.37 provide a valid remedy to enforce that right, and the enforcement procedures set forth by statute are the exclusive remedy for Rautsaw under an R.C. 971.33 action. *Shepard* v. *Commrs. of Darke Cty.* (1858), 8 Ohio St. 354, 358.

Since Rautsaw did not follow the procedures for enforcement of R.C. 971.33, she cannot recover under R.C. 971.33.

Rautsaw also alleged a cause of action based upon nuisance.

In *Antonik* v. *Chamberlain* (1947), 81 Ohio App. 465, 476 [37 O.O. 305], the court stated:

"* * * The law of private nuisance is a law of degree; it generally turns on the factual question whether the use to which property is put is a reasonable use under the circumstances, and whether there is 'an appreciable, substantial, tangible injury resulting in actual, material, [and] physical discomfort * * *.'* * * *'" (Citations omitted.)

The hedge trees were growing wild in a rural area. Since the law of private nuisance is one of degree, we cannot say the trial court erred in finding the growth of Clark's trees onto Rautsaw's property was not an unreasonable interference with the use and enjoyment of appellant's land.

Further, Rautsaw did not show an appreciable, substantial injury. In *Columbus Gas Light & Coke Co.* v. *Freeland* (1861), 12 Ohio St. 392, 399, the court stated:

"It is evident that, what amount of annoyance or inconvenience will constitute a legal injury, resulting in actual damage, being a question of degree, dependent on varying circumstances, can not be precisely defined, and must be left to the good sense and sound discretion of the tribunal called upon to act.* * *"

By her own testimony, Rautsaw stated that the fence could have been rebuilt by going around some of the trees. Clyde Chenewith, in testifying for Rautsaw, *also* stated the fence line could have been erected *without clearing* the trees, although it would have been difficult to sink the posts.

Appellant cites 1 Ohio Jurisprudence 2d (1953) 386, 388, Adjoining Landowners, Sections 8 and 10, in her brief. Sections 8 and 10 discuss the fact that portions of trees encroaching on another's property may entitle that property owner to relief and, as such, the landowner may remove any portion of a protruding tree without incurring liability. Although Section 10 states that the landowner may be entitled to damages for a protruding tree, under the law of nuisance the requisite interference with property use and damages was not shown in this court.

For the above reasons, we cannot say the court below erred in finding the actions of Clark did not constitute a nuisance. Therefore, since appellant did not follow the statutory remedy for relief under R.C. 971.33, has not shown unreasonable interference with her property use, has not shown appreciable damages under a theory of nuisance, and did not appeal the trustees' apportionment decision according to R.C. Chapter 2506, we hold appellant is responsible for all costs incurred in constructing and maintaining the southern portion of the partition fence.

As to removal of the fence line debris from Rautsaw's property, Rich had a duty to perform the task with a reasonable amount of care as an employee of Rautsaw. See *Ohio Cas. Ins. Co.* v. *Capolino* (App. 1945), 44 Ohio Law Abs. 564, 567. Rich testified it was his practice to place fence-line debris on the property of the person employing him; and, absent evidence to the fact that he was instructed to act differently in this situation, we find that Rich acted

properly. Since Rich was employed by Rautsaw, she is responsible for his actions, and thus must incur sole responsibility for expenses incurred in removing the debris.

The court below did not abuse its discretion. Accordingly, appellant's assignment of error is not well-taken and is hereby overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.