In a private nuisance action, defendants-appellants, Bobby Wayne and Kathleen Webb, appeal a decision of the Butler County Court of Common Pleas in favor of plaintiffs-appellees, David and Amy Forrester, John and Ann Kogge, and John and Leslye Simak. We affirm the decision of the trial court.
The parties to this dispute live in rural Butler County on Stephenson Road, Riley Township and own properties of approximately five acres apiece. Barbara Honchell, a realtor, sold appellants their property in June 1995. Bobby Wayne Webb stated to Honchell the property was to be used to raise and breed roosters for cock-fighting in Kentucky. When appellants moved onto Stephenson Road in 1995, appellees were already residing there.
In relationship to appellants' property, the Simaks' property is two houses away, four hundred yards up the hill while the Forresters' property is three houses away, seven hundred yards up the hill. The Kogges live on the opposite side of appellants' property. The roosters crow constantly, except from sunset until approximately 4:30 a.m. On a night with a clear moon, the crowing may not cease at all. In addition, due to the fact the Simaks and Forresters live up the hill from appellants, the noise is amplified by an amphitheater-like effect. The evidence is undisputed.
Due to this incessant crowing, appellees filed a private nuisance action against appellants. A bench trial occurred on January 22, 1998. In a March 5, 1998 opinion and order, the trial court found the roosters constituted a private nuisance and ordered appellants to maintain "less than six" roosters on their property. From this decision, appellants filed a timely notice of appeal and present one assignment of error for our review:
 THE JUDGMENT OF THE TRIAL COURT DECLARING THE CHICKENS AND ROOSTERS ON APPELLANTS' PROPERTY TO BE A NUISANCE AND CALLING FOR APPELLANTS TO ABATE THE NUISANCE BY ELIMINATING ALL BUT SIX OF THE ROOSTERS CONSTITUTES AN ERROR OF LAW.
Appellants argue that the roosters do not constitute a nuisance and, alternatively, the abatement order of the trial court was overly restrictive. We disagree. As this court has noted
 The law of private nuisance is a law of degree; it generally turns on the factual question whether the use to which property is put is a reasonable use under the circumstances, and whether there is "an appreciable, substantial, tangible injury resulting in actual, material, [and] physical discomfort."
Rautsaw v. Clark (1985), 22 Ohio App.3d 20, 21, quoting Antonikv. Chamberlain (1947), 81 Ohio App. 465, 476. Therefore, whether a particular fact pattern constitutes a private nuisance "can not be precisely defined, and must be left to the good sense and sound discretion of the tribunal called upon to act." Rautsaw at 21, quoting Columbus Gas Light Coke Co. v.Freeland (1861), 12 Ohio St. 392, 399.
The number of roosters at appellants' property has varied from less than twenty to more than one hundred. Due to the sheer number of roosters, the evidence at trial strongly indicates that the noise at issue is not the normal sounds of a farm or the country. As noted, except for the early morning hours, the noise is nearly continuous and overwhelming. Appellees variously described the sound as annoying, irritating, unpleasant, gut-wrenching or simply indescribable. Appellees' lives have been affected in meaningful ways by being forced to close the windows of their homes regardless of the weather, the inability to invite and entertain guests at their residences, disruption of sleeping patterns and a tangible reduction of their quality of life. At least in the case of the Forresters and Kogges, the noise is amplified by an amphitheater-like effect. In essence, the noise vibrates from appellants' property, up the hill where the Forresters and Kogges live and "magnifies as it goes." The testimony clearly distinguished between typical sounds of the country and the sound which emanates from appellants' property.
We must weigh against these factors whether the use of the property is reasonable. Bobby Wayne Webb testified that the roosters were for county fair shows, but had difficulty remembering the details of these shows upon cross-examination. Honchell testified that she was told by Bobby Wayne Webb that the roosters were used for cockfighting in Kentucky. In any event, Bobby Wayne Webb conceded that he has no income from the roosters and the county fair shows are a hobby. The trial court concluded the roosters were used for cockfighting and did not believe Bobby Wayne Webb's testimony.
The trial court's conclusion that the roosters are for cock-fighting is supported by the trial record. Even Bobby Wayne Webb's explanation for the roosters demonstrates that they are not used for any legitimate business purpose and therefore have no economic value to appellants. Therefore, when the reasonableness of appellants' use of the property is balanced against the consistent and overwhelming noise originating from appellants' property, the finding of a private nuisance was within the trial court's discretion.
The trial court concluded that in order to abate the nuisance appellants could keep "less than six" roosters, which it felt was an amount sufficient "solely for the purpose of propagation." We find the abatement order was within the trial court's discretion. Accordingly, the assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.