This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendants-Appellants, John and Patricia Oles (hereinafter "Mr. or Mrs. Oles"), appeal the trial court's judgment granting damages to Plaintiffs-Appellees, John and Irene Bullock (hereinafter "Mr. or Mrs. Bullock"), in the amount of $10,000 for nuisance. For the following reasons, we conclude the trial court properly granted these damages and affirm its decision.
In March of 1996, the Oles purchased the property at 191 Ohltown Road in Austintown Township and rented this property to Mr. and Mrs. Aponte. The backyard of the property sits adjacent to the backyard of 5595 Red Apple Drive, owned by the Bullocks. In March of 1997, the Bullocks noticed a large wet spot in their backyard. Over time, the spot increased in size and emitted a foul odor. After speaking with Mr. Aponte, the tenant, the Bullocks believed the saturation of their backyard was caused by runoff from a defective septic tank located on the Oles' property. At one point, half the Bullocks backyard flooded. The Bullocks lost the use of their backyard for family and neighborhood get-togethers, the use of their pool, and cutting the grass caused Mr. Bullock to become nauseated and sick. Furthermore, the saturation of the ground damaged the landscape and pool area.
On April 3, 1997, Mr. Aponte complained to the Oles about the septic water and waste rising from the septic tank in the backyard of 191 Ohltown Road. As the problem persisted, Mr. Bullock made a formal complaint to the Mahoning County Board of Health on June 5, 1997. The Board of Health investigated the complaint on June 9, 1997, finding septic effluent visible in the backyard of both 191 Ohltown Road and 5595 Red Apple Drive. Effluent is wastewater being discharged from septic, washwater, etc. A florescent dye was placed in the bathroom sink and toilet of 191 Ohltown. The tracing dye appeared in both yards a few days later. The effluent was determined to be emitted from 191 Ohltown Road and flowing onto the Bullock property. In October/November of 1998, the Board of Health declared the property a nuisance. A letter to Oles' attorney from the County Prosecutor dated December 28, 1998, stated the sewage system at 191 Ohltown Road, Austintown Township, "discharges untreated or partially treated sewage to the surface of the ground and adjacent properties." (Plaintiff's Exhibit 9).
In an attempt to remedy the problem with the septic system, the Oles and the Board of Health examined several plans. For example, two different replacement septic systems were considered but information from the Mahoning Soil and Water Conservation District indicated that due to the type of soil, the new systems would not function properly. The Board of Health issued an order to the Oles' to connect with a sanitary sewer system accessible from their property within thirty days. To reach the system, the Oles' had to purchase an easement across a neighbor's property and no neighbor would grant that easement. Further, contractors determined the grading to the sewer was not sufficient for drainage. Another sewer line was found as a possible tie-in, however, as of the trial date February 18, 1999, permission had not yet been given for access and paperwork remained to be filed. The nuisance was continuing and had existed for two years.
As the Board of Health had declared the property a nuisance, the matter proceeded to a bench trial before the magistrate on the issues of damages, resulting in an award of $10,000 for the Bullocks against the Oles. The Oles filed objections which were heard and overruled by the trial court, which adopted the magistrate's decision, and awarded judgment in favor of the Bullocks.
In their sole assignment of error, the Oles claim the trial court erred by adopting the magistrate's decision, arguing the judgment is against the manifest weight of the evidence. Because we conclude the trial court's findings were not against the manifest weight of the evidence, we affirm the judgment of the trial court.
The decision to adopt, reject or modify a magistrate's decision will only be reversed on appeal when the decision was an abuse of discretion.Wade v. Wade (1996), 113 Ohio App.3d 414, 419.
 "The trial court, as the ultimate finder of fact, must make its own factual determinations through an independent analysis of the issues and should not adopt the findings of the referee unless the trial court fully agrees with them. The court's role is to determine whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and, where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate]."
(Citations omitted) Inman v. Inman (1995), 101 Ohio App.3d 115, 118. We will not reverse a trial court's judgment as being against the manifest weight of the evidence where it is supported by some competent, credible evidence. Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226 citingC.E. Morris Co. v. Foley (178), 54 Ohio St.2d 279, syllabus. The procedure for reviewing damage awards is the same. Seasons Coal Co. Inc.v. City of Cleveland (1984), 10 Ohio St.3d 77, 82.
An award of damages does not inevitably follow the finding of a nuisance. Blevins v. Sorrell (1990), 68 Ohio App.3d 665, 669. However, in assessing the damages for the maintenance of a nuisance, the trier-of-fact may look "to injury as occurs to the use of the property as a residence, taking into consideration the discomfort and annoyance which the owner has suffered from the nuisance." Frey v. Queen City Paper,Co. (1946), 79 Ohio App. 64, 70. The amount of annoyance or inconvenience that will constitute a legal injury, resulting in actual damage, cannot be precisely defined and must be left to the discretion of the trier-of-fact. Frey, supra at 71-72; see also Rautsaw v. Clark (1985),22 Ohio App.3d 20, 21.
It is not necessary that the property owners be driven from their dwelling before an award of damages for nuisance is justified. Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 715. Damages may be awarded simply for discomfort or annoyance in the use of the property; the discomfort does not need to be constant, the value of the property depreciated, the health of the occupants compromised, or the rental value of the property impaired. Frey, supra at 72. The factual question is whether there is an "appreciable, substantial, tangible injury resulting in actual, material, and physical discomfort" during the reasonable use of the property. Rautsaw, supra paragraph two of the syllabus. Evidence of pecuniary loss is not required to recover damages for discomfort and annoyance caused by a nuisance. Ohio Stock Food Co.v. Gintling (1926), 22 Ohio App. 82, paragraph three of the syllabus. The assessment of those damages is within the province of the trier-of-fact and the reviewing court should not substitute its judgment unless the judgment appears to be the result of passion or prejudice and manifestly excessive. Barnes v. City of Youngstown (1982), 4 Ohio App.3d 112, 114
citing Toledo, C. O. RR. Co. v. Miller (1923), 108 Ohio St. 388, 402.
The record shows several different problems arose from the nuisance. The Bullocks lost the use of their backyard and the pool located there for family and neighborhood get-togethers due to the standing effluent on the surface of their yard. Mrs. Bullock could not let her grandchildren play in the backyard because she was afraid they may get diseases from the waste. Cutting the lawn in the affected area also caused problems. Mr. Bullock had to wear a mask, take frequent breaks, and suffered from nausea, headaches and unusual fatigue after the chore. The effluent saturation on the Bullocks' yard altered the grading of the ground, requiring fill dirt to repair the damage. Further, due to the altered grading, the damage to the pool area necessitated pool repairs. Finally, doors and windows to the house had to remain closed because the noxious odor produced by the effluent made the Bullock's yard smell "like an outhouse."
In the instant case, nothing in the record suggests passion or prejudice motivated the trier-of-fact. The effluent overflowing onto the Bullock property was first complained of in March of 1997, a formal complaint was filed with the Health department in July of 1997, and the nuisance continued without abatement through February of 1999 when the trial occurred. The testimony, if believed, establishes injuries in the form of inconvenience, annoyance and physical discomfort supporting an award of damages.
There is no precise rule for ascertaining damages. It is thoroughly within the discretion of the trier-of-fact to determine what sum of money the Bullocks should receive for their discomfort and annoyance. A reviewing court should only interfere if the award is clearly excessive or influenced by passion or prejudice. There does not appear to be anything on the record that would imply passion or prejudice of the trial court. Further, there is nothing on the record to imply the court was misdirected or lost its way in determining the award. It does not appear that the award of damages or the amount awarded are against the manifest weight of the evidence. Based on the foregoing reasons, the Oles' assignment of error is meritless and the decision of the trial court is affirmed.
VUKOVICH, P.J. and WAITE, J., Concurs.