[Cite as *Ambrose v. Galena*, 2015-Ohio-3157.]

OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


EDDY AMBROSE, et al.

       Appellants

-vs-

VILLAGE OF GALENA, OHIO

       Appellee

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 15 CAH 01 0011

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Administrative Appeal from the Court of Common Pleas, Case No. 14 CV F 07 0524 |
| JUDGMENT: | Affirmed in Part; Reversed in Part |
| DATE OF JUDGMENT ENTRY: | August 6, 2015 |


APPEARANCES:

For Appellants

D. J. YOUNG, III
FIRESTONE, BREHM, WOLF,
WHITNEY & YOUNG LLP
15 West Winter Street
Delaware, Ohio 43015

For Appellee

KENNETH J. MOLNAR
VILLAGE SOLICITOR
21 Middle Street
Post Office Box 248
Galena, Ohio 43021

*Wise, J.*

{¶1}.  Appellants Eddy Ambrose and Karen Ambrose appeal the decision of the Court of Common Pleas, Delaware County, which affirmed the decision of the Village of Galena Zoning and Planning Commission in a zoning violation dispute. Appellee is the Village of Galena, Ohio. The relevant facts leading to this appeal are as follows.

{¶2}.  Appellants Eddy and Karen Ambrose operate a nursery business known as "Sambuca's Greenhouse" in Galena, Ohio. It is located at the intersection of State Route 3 and Walnut Street N. A ground-level commercial business sign and a fence are located along the Route 3 side of the parcel, with the sign not far from the intersection.

{¶3}.  The maps provided in the record before us reveal that Route 3 runs generally in a southwest-to-northeast fashion, while Walnut Street runs approximately in a south/southeast to north/northwest direction. Thus, the two roads intersect sharply (although there is extra turning space added on Walnut), such that a blunt wedge of property is created, with the tip pointing roughly to the north. The Sambuca's Greenhouse parcel, including parking areas, structures, and some of the lawn perimeter, covers this wedge.

{¶4}.  The business has expanded over the years from a basic farm stand to a much larger enterprise. Some of the nursery merchandise and stock is kept outside and varies according to the time of year. The real property at issue had formerly been zoned, under the Village of Galena Zoning Code, as farming and residential ("FR-1"), but it was rezoned in September 2013 to part of a planned commercial district ("PC").

{¶5}. On March 25, 2014, David LaValle, the zoning inspector for Appellee Village, issued a "notice of violation" regarding the aforesaid nursery property. The notice declared that the "sign or signs located in the public road right-of way [are] illegal and non-conforming." Appellants were therein ordered to immediately remove the particular signage. The notice also ordered appellants to remove certain nursery stock located in a "triangle area" of the property depicted by an exhibit attached therewith.

{¶6}. Appellants took the position that their signage and nursery materials were not in prohibited areas under the Village of Galena Zoning Code. Accordingly, on April 22, 2014, appellants filed an appeal to the Village of Galena Zoning and Planning Commission regarding the aforesaid notice of violation.

{¶7}. The Commission held a hearing on May 21, 2014 on appellant's appeal.

{¶8}. On June 18, 2014, the Commission, with four members concurring, issued a decision denying the appeal.

{¶9}. Appellants thereupon appealed the Commission's denial of appeal to the Delaware County Court of Common Pleas ("trial court").

{¶10}. Via a ten-page judgment entry issued January 2, 2015, the trial court affirmed the decision of the Commission.

{¶11}. On January 29, 2015, appellants filed a notice of appeal. They herein raise the following four Assignments of Error:

{¶12}. "I. THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW IN FINDING THAT THE DEFINITION OF 'RIGHT OF WAY' IN THE VILLAGE OF GALENA ZONING ORDINANCE IS NOT UNCONSTITUTIONALLY VAGUE.

{¶13}. "II. THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW IN FINDING THAT THE PHRASE 'EASEMENT AREA' IN THE VILLAGE OF GALENA ZONING ORDINANCE IS NOT UNCONSTITUTIONALLY VAGUE.

{¶14}. "III. THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW IN FINDING THAT THE PHRASE 'TRIANGLE AREA' IN THE VILLAGE OF GALENA ZONING ORDINANCE IS NOT UNCONSTITUTIONALLY VAGUE.

{¶15}. "IV. THE COURT OF COMMON PLEAS ERRED IN FINDING THAT THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE, AND PROBATIVE EVIDENCE SUPPORTED THE DECISION OF THE VILLAGE OF GALENA PLANNING AND ZONING COMMISSION."

I.

{¶16}. In their First Assignment of Error, appellants contend the trial court erred in finding that the definition of "right of way" in the zoning ordinance is not unconstitutionally vague. We disagree.

{¶17}. Generally, as an appellate court, our standard of review to be applied in an R.C. 2506.04 appeal is "more limited in scope" than that of the trial court. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848. However, zoning boards are without authority to rule on the general validity and constitutionality of zoning resolutions. *American Outdoor Advertising Co., LLC v. Jerome Twp. Bd. of Trustees,* 3rd Dist. Union No. 14-03-06, 2004-Ohio-2058, ¶ 11, citing *Armrose v. King Quarries, Inc.*, 5th Dist. Muskingum No. CA-81-3, 1982 WL 5410. Thus, as we reiterated in *Snee v. Jackson Township Bd. of Zoning Appeals*, 5th Dist. Stark No. 2003CA00109, 2003-Ohio-5319: " *** [T]he issue of the constitutionality of zoning restrictions must be tried

originally in the Court of Common Pleas. The court is not reviewing the decision of the Board, but rather is testing the ordinances of the governmental body against the State and Federal constitutions." *Id.* at ¶ 10, quoting *SMC, Inc. v. Laudi* (1975), 44 Ohio App.2d 325, 330, 338 N.E.2d 547 (additional citations omitted). It follows that the determination of a statute's or regulation's constitutionality is a question of law to be reviewed de novo. *See State v. Whites Landing Fisheries*, 6th Dist. Erie No. E–13–021, 2014-Ohio-1314, ¶ 13.

{¶18}. Zoning enactments are ordinarily construed in favor of the property owner where interpretation is necessary. *See University Circle, Inc. v. Cleveland* (1978), 56 Ohio St.2d 180, 383 N.E.2d 139. In considering a challenge to an ordinance or statute as void for vagueness, a court is required to determine whether the enactment "(1) provides sufficient notice of its proscriptions to facilitate compliance by persons of ordinary intelligence and (2) is specific enough to prevent official arbitrariness or discrimination in its enforcement." *Norwood v. Horney,* 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, at ¶ 84.

{¶19}. A statute is not void for vagueness simply because it could have been worded more precisely or with additional certainty. Rather, the "critical question in all cases is whether the law affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable him to conform his conduct to the law." *Norwood* at ¶ 86.

*Issue of the Sign in the "Right of Way"*

{¶20}. Appellants were found by the zoning inspector to be using their land in violation of the Village of Galena Zoning Code, 22.06, which provides in pertinent part:

"No sign shall be located within the right-of-way of any public or private road within Galena." See Tr. Exh. A.

{¶21}. The Galena Zoning Code, §4.02, defines "right-of-way" as follows:

{¶22}. "A strip of land taken or dedicated for use as a public way. In addition to the roadway, it normally incorporates the curbs, lawn strips, sidewalks, lighting and drainage facilities, and may include special features required by the topography or treatment such as grade separation, landscaped areas, viaducts and bridges."

{¶23}. (Exhibit 45)

{¶24}. In the judgment entry under appeal, the trial court noted appellants' suggestion that the definition of "right of way" in the zoning code could have been better drafted, for example, as defining the term to include the pavement and a certain footage from the point of such pavement's edge. *See* Judgment Entry at 8. The trial court rejected that argument, finding such a definition would not be feasible, "as the right of way and easement area will vary from location to location." The court concluded that the definition of "right of way" "provided the public with fair warning about [its] meaning, and therefore, the zoning provision was not unconstitutional as being void for vagueness." *Id.*

{¶25}. Appellants presently challenge the trial court's reasoning, contending the zoning ordinance at issue was created uniquely for appellants' property within the re-zoned commercial district, and thus could have been much more specific. Even if that is the case, however, we find the phrase "right of way" to be of such common usage in the areas of property law and traffic law that we cannot conclude the trial court's ruling on the issue of vagueness constituted reversible error under the circumstances presented.

**{¶26}.** Appellants' First Assignment of Error is overruled.

II.

**{¶27}.** In their Second Assignment of Error, appellants contend the trial court erred in finding the phrase "easement area" in the zoning ordinance is not unconstitutionally vague.

### *Issue of the Sign in the "Easement Area"*

**{¶28}.** In the judgment entry under appeal, the trial court again found the phrase "easement area" provides the public with fair warning about its meaning. The trial court thus found that said term was not unconstitutionally vague. *See* Judgment Entry at 8.

**{¶29}.** Appellants herein contend that neither "easement" or "easement area" is defined in the zoning code. They further point out that the zoning inspector stated he was unsure what the terms mean. *See* Tr. at 116-117. However, an appellate court is not required to render an advisory opinion on a moot question or abstract proposition or to rule on a question of law that cannot affect matters at issue in a case. *State v. Bistricky* (1990), 66 Ohio App.3d 395, 584 N.E.2d 75. Because we have concluded that the "right of way" language as it relates to the Sambuca's sign is not void for vagueness, the question of the alleged vagueness of the "easement area" restriction is academic and will not affect the outcome of the case based on our subsequent analysis herein.

**{¶30}.** Appellants' Second Assignment of Error is therefore found moot.

III.

**{¶31}.** In their Third Assignment of Error, appellants contend the trial court erred in finding the phrase "triangle area" in the zoning ordinance is not unconstitutionally vague. We agree.

*Issue of Stored Items in the "Triangle Area"*

**{¶32}.** The specific issue regarding appellants' final vagueness argument involves whether certain nursery stock (apparently evergreen trees readied for sale to customers) depicted roughly to the east of the Sambuca's sign are in a prohibited "triangle area" as that term is used in the Village of Galena Zoning Code.

**{¶33}.** The zoning inspector's letter of March 25, 2014 quoted the following from the Village Development Plan:

**{¶34}.** "No new construction, fencing and storage or nursery materials over twenty-four inches (24") shall be permitted in the triangle area depicted upon the attached Exhibit F without the approval of the Village Engineer or Ohio Department of Transportation."

**{¶35}.** We first note zoning regulations are in derogation of common law and must be strictly construed and not extended by implication. *See, e.g., Likins v. Dayton Motorcycle Club* (1972), 33 Ohio App.2d 269, 294 N.E.2d 227. In the present case, it is undisputed that the phrase "triangle area," except as depicted in the aforementioned Exhibit F, is not defined elsewhere in the zoning code. We note some of the information relative to the status of zoning on this property in both the 2013 rezoning process and the citation process was furnished by appellants, including the diagram reflected on Exhibit F of the zoning inspector's letter (which apparently became re-designated as Exhibit "B" during the litigation). In other words, it appears the diagram of the property at issue was submitted by appellants with the initial rezoning process; Appellee Village therefore presently responds that the phrase "triangle area" cannot be considered vague if the information was originally provided by appellants.

{¶36}. Nonetheless, we find merit in appellants' argument as to this aspect of the dispute. Our review indicates there is no clearly *identified* triangular subpart on the exhibit in question, creating immediate uncertainty as to the extent of the restrictions on the placement of nursery materials. We certainly recognize that oftentimes vagueness "will be reduced through a process of interpretation." *See In re Application of Columbus S. Power Co.,* 134 Ohio St.3d 392, 2012-Ohio-5690, 983 N.E.2d 276, ¶ 32, citing *Bauer v. Shepard,* 620 F.3d 704, 717 (7th Cir.2010). However, given the irregular wedge shape of the parcel in this instance, any number of triangle sections of varying size could be envisioned, and the addition of the modifying term "area" causes even more perplexity. We find such vagueness in this context would indeed require appellants to "steer far wider of the unlawful zone *** than if the boundaries of the forbidden areas were clearly marked." *See Grayned v. Rockford* (1972), 408 U.S. 104, 109, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222, 228 (internal citations and quotations omitted).

{¶37}. Appellants' Third Assignment of Error is therefore sustained, and we hereby order that the zoning violation against appellants as to the placement of the nursery stock is held for naught.

V.

{¶38}. In their Fourth Assignment of Error, appellants contend the trial court erred in finding that the preponderance of substantial, reliable, and probative evidence supported the decision of the zoning commission.[1]

---

[1]  Based on our previous determination regarding the issue of the "triangle area" term's vagueness, we need only address in this assigned error the issue of the Sambuca's sign, not the nursery stock.

*Trial Court's Standard of Review*

{¶39}. R.C. 2506.04 sets forth the applicable standard of review for a court of common pleas in an administrative appeal. It provides as follows:

{¶40}. " * * * [T]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."

{¶41}. The Ohio Supreme Court further stated as follows in *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433:

{¶42}. "[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. *See Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 612, 693 N.E.2d 219, * * * citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 206-207, 12 O.O.3d 198, 389 N.E.2d 1113 * * *."

*Appellate Standard of Review*

**{¶43}.** As an appellate court, however, our standard of review to be applied in an R.C. 2506.04 appeal is "more limited in scope." *Kisil, supra.* "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." *Id.* at f.n. 4. *See*, *also*, *Health Management, Inc. v. Union Twp. Bd. of Zoning Appeals* (1997), 118 Ohio App.3d 281, 285, 692 N.E.2d 667. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264. Ultimately, the standard of review for appellate courts in a 2506 zoning appeal is whether the common pleas court abused its discretion in finding that the administrative order was or was not unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by reliable, probative and substantial evidence. *See Weber v. Troy Twp. Bd. of Zoning Appeals,* Delaware App.No. 07 CAH 04 0017, 2008-Ohio-1163, ¶ 13 (additional citation omitted); *Powers v. City of Rocky River Bd. of Zoning Appeals* (Nov. 7, 1996), Cuyahoga App.No. 70439, 1996 WL 648689.

*Analysis*

**{¶44}.** In the case sub judice, the trial court indicated that it had reviewed the record of the administrative process, in particular the transcript of the hearing before the Zoning and Planning Commission, noting that the Village had called just one witness, David LaValle, the zoning inspector, and that appellants had also called just one

witness, Karen Ambrose. Judgment Entry at 2-3. We note the record also included, *inter alia*, a copy of the Village's zoning district map, and several 8-1/2 x 11 color photographs of Sambuca's and the adjoining area. The court noted that LaValle had inspected the property from his vehicle and via an airplane flyover. Judgment Entry at 4. The trial court also determined that appellants had "presented no evidence that the sign was located outside of the right-of-way." *Id. See C. Miller Chevrolet v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 302, 313 N.E.2d 400 (recognizing that in reviewing an appeal of an administrative decision, a court of common pleas begins with the presumption that the board's determination is valid, and the appealing party bears the burden of showing otherwise).

{¶45}. Having examined the record, we conclude that the Court of Common Pleas did not abuse its discretion in finding that the administrative decision concerning the sign was not unconstitutional, illegal, arbitrary, capricious, or unreasonable, and was supported by reliable, probative and substantial evidence. *See Weber*, *supra.*

{¶46}. Accordingly, appellants' Fourth Assignment of Error is overruled as to the issue of the disputed signage on the property.

{¶47}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed in part and reversed in part.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/d 0716